UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DAVID IZAGUIRRE and
JACKELINE CLEMENTS,

    Plaintiffs,

Case No. 5:23-cv-244-RH/MJF

SANDY WILLIAMS, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Because Plaintiffs have failed to comply with two court orders, failed to comply with the Federal Rules of Civil Procedure and the Local Rules, and failed to prosecute this action, the District Court should dismiss this action without prejudice.

### I. BACKGROUND

On September 14, 2023, Plaintiffs, both proceeding *pro se* and *in forma pauperis*, filed a civil complaint against the United States Postal Service and an employee, Sandy Williams. Doc. 1. Plaintiffs appear to allege that Defendants violated the First Amendment by failing to deliver Plaintiffs' mail and conspiring to do the same. *Id.* at 1–8.

On December 26, 2023, because Plaintiffs' complaint failed to comply with the Federal Rules of Civil Procedure and the Local Rules and failed to state a plausible claim for relief, the undersigned ordered Plaintiffs to file an amended complaint. Doc. 17. The undersigned imposed a compliance deadline of January 10, 2024, and warned Plaintiffs that the failure to comply with the order likely would result in dismissal of this action. *Id.* at 12. Plaintiffs did not comply with that order.

On February 2, 2024, the undersigned ordered Plaintiffs to explain and show cause for their failure to comply with the undersigned's order of December 26, 2023. Doc. 19. The undersigned imposed a compliance deadline of February 23, 2024, and again warned Plaintiffs that the failure to comply likely would result in dismissal of this action. *Id.* at 1.

On February 23, 2024, Plaintiffs responded that they missed the deadline to file an amended complaint because they "have not been helped or kept up to date in regards to their case" by the court. Doc. 21 at 1 (errors in original). On the same day, however, Plaintiffs filed a first amended complaint with the court. Doc. 22.

On April 8, 2024, because the first amended complaint suffered from the same defects as the Plaintiffs' original complaint, the undersigned ordered Plaintiffs to file a second amended complaint. *Id.* The undersigned imposed a compliance deadline of April 22, 2024, and again warned Plaintiffs that the failure to comply with the order likely would result in dismissal of this action. *Id.* at 13. Plaintiffs did not comply with that order.

On May 2, 2024, the undersigned ordered Plaintiffs to explain and show cause for their failure to comply with the undersigned's order of April 8, 2024. Doc. 19. The undersigned imposed a compliance deadline of May 23, 2024, and for the fourth time warned Plaintiffs that their failure to comply likely would result in dismissal of this action. *Id.* at 1. Plaintiffs have not complied with that order.

## II. Discussion

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a

court order"). A district court also may dismiss a civil action *sua sponte* for failure to prosecute. *See Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962); Fed. R. Civ. P. 41(b). Here, Plaintiffs have not shown good cause, and they have offered no excuse for their failure to comply with an order of the court, their failure to comply with the Federal Rules of Civil Procedure and the Local Rules, and their failure to prosecute this case. Accordingly, dismissal of this civil action is appropriate.

### III. Conclusion

Because Plaintiffs have failed to comply with two court orders, failed to comply with the Federal Rules of Civil Procedure and the Local Rules of the court, and failed to prosecute this action, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this action without prejudice.

2. **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this 13th day of June, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to**

make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.