IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DAVID IZAGUIRRE et al.,

    Plaintiffs,

v.                                                       CASE NO. 5:23cv244-RH-MJF

SANDY WILLIAMS et al.,

    Defendants.

_____/

## ORDER OF DISMISSAL

    The plaintiffs filed this case more than a year ago. They have continuously failed to comply with court orders and have continuously failed to take the steps necessary to prosecute the case. The order of April 8, 2024, ECF No. 23, directed the plaintiffs to file a second amended complaint—or a notice of voluntary dismissal—by April 22, 2024. They did not do so. On June 13, 2024, the magistrate judge entered a report and recommendation, ECF No. 28, concluding the case should be dismissed.

    The order of August 13, 2024, ECF No. 30, did not dismiss the case—as could properly have been done—but instead went to extraordinary lengths to give the plaintiffs another opportunity to file a second amended complaint. The order

set a deadline for the plaintiffs to tender a second amended complaint or show cause why the case should not be dismissed. The deadline was 28 days after the clerk reached the plaintiffs to advise them of the prior orders, a step undertaken because of the plaintiffs' failure to provide an address at which they could receive orders as entered. Having the clerk reach out to the plaintiffs by telephone was extraordinary.

The clerk placed telephone calls to the plaintiffs on August 13, 2024, *see* ECF Nos. 31 and 32, and advised one of the plaintiffs of the orders on August 14, 2024. *See* ECF No. 33. The deadline to tender a second amended complaint or show cause why the action should not be dismissed was September 11, 2024. The plaintiffs missed the deadline.

Two days later, on September 13, 2024, the clerk received from one of the plaintiffs a letter asking for an additional six months to tender a second amended complaint. The letter noted a family member's health condition—an unfortunate circumstance, but not one explaining the plaintiffs' failures to comply with orders and not one making it appropriate for these defendants to remain in an apparently unfounded case for six more months.

This order accepts the report and recommendation based on its reasoning, the additional analysis set out in the August 13, 2024 order, and the plaintiffs' failure to meet the deadline set by the August 13, 2024 order. Enough is enough.

IT IS ORDERED:

1. The motion for a six-month extension of the deadline to tender a second amended complaint or show cause, ECF No. 34, is denied.

2. The clerk must enter judgment stating, "This action is dismissed without prejudice for failure to prosecute and failure to comply with court orders."

3. The clerk must close the file.

SO ORDERED on September 20, 2024.

s/Robert L. Hinkle<br>United States District Judge

Case No. 5:23cv244-RH-MJF